**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.:**

**ALICIA BARRIOS,**

    Plaintiff(s),

v.

**DIEGO MARTIN AGNELLI**
, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff ALICIA BARRIOS, by and through the undersigned counsel, hereby sues Defendants, DIEGO MARTIN AGNELLI. individually, ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA") and breach of contract.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, DIEGO MARTIN AGNELLI, was the employer of Plaintiff

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a non-exempt employee from on or about June 1, 2019, through on or about June 1 2021. (approximately 156 weeks)

9. Plaintiff worked as a care person for the children and as a housekeeper who spent more than 20 percent of her employment time performing housekeeping tasks.

10. Plaintiff's duties involved watching the children, assisting with and making arts and crafts for the children, feeding the children and cleaning up after the children including cleaning areas of the home not inhabited by the children.

11. Defendant was the parent of the children.

12. Defendant would purchase materials such as toys, cleaning chemicals, and food which had traversed interstate commerce, and that Plaintiff used in order to perform the essential functions of her job duties.

13. Plaintiff and Defendant entered into a contract (attached herein) in which the agreed upon hourly rate would be $11.54 for each hour worked within 40 hours each week and $17.31 for each hour worked past the first forty hours worked in a week.

14. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours, specifically ninety six (96) hours per week, and was paid only $2,000 each month through a direct deposit made every 30 days.

15. Plaintiff was paid less than minimum wage and was notpaid overtime at the correct rate.

16. All preexisting requirements needed to file under the FMWA such as sending a letter to Defendant informing him of the claim have been sent to defendant and were not responded to.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *DIEGO MARTIN AGNELLI*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FMWA Violation against*
### *DIEGO MARTIN AGNELLI*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Fla. Stat. § 448.110.

28. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

29. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint.

30. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

2. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

3. Plaintiff seeks to recover Attorney Fees pursuant to Fla. Statue 448.08.

4. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT FOR FAILURE TO PAY EARNED WAGES
## *Against*
## *DIEGO MARTIN AGNELLI*

5. Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this complaint as if fully set forth herein.

6. As described herein, Defendant, pursuant to the agreement was to compensate Plaintiff for the agreed upon payment.

7. To date, Plaintiff is owed compensation for work performed for the Defendant.

8. During the period encompassing June 1 2019 through June 1, 2021, Plaintiff has strictly abided by the terms of the agreement. While Defendant have received full compensation for the work covered in the agreement, Defendant has withheld full payment of wages earned by Plaintiff during the relevant period and have continually refused to remit the earned wages to Plaintiff.

9. Defendant's actions are in breach of the Agreement as contrary to the intent and conduct of the parties since the Agreement was entered into in June 2019.

10. Defendant's conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including Agreement entered into between Plaintiff and the Defendant.

    A. WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8/2/22

Respectfully submitted,

_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000